## UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Zahra A. Bouye<br>*Plaintiff*<br><br>v.<br><br>James E. Bruce<br>*Defendant*<br>Serve:<br>   James E. Bruce<br>   1724 South Virginia Street<br>   P.O. Box 603<br>   Hopkinsville, KY 42241-0603 | Case No. 3:20-CV-201-DJH |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action by Plaintiff Zahra A. Bouye as a consumer against Defendant James E. Bruce for his violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION and VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of relevant facts and events at issue in this case arose in Jefferson County, Kentucky where Plaintiff resides and which is located in this district.

### PARTIES

3. Plaintiff Zahra A. Bouye ("Bouye") is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant James E. Bruce is Kentucky collection attorney. Mr. Bruce is engaged in the business of collecting debts on behalf of others, such as Mariner Finance, LLC. Mr. Bruce's principal place of business is located at 1724 South Virginia Street, Hopkinsville, KY 42240.

5.     Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Mr. Bruce's principal business purpose is the collection of debt. Mr. Bruce is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

### STATEMENT OF FACTS

6.     Defendant James E. Bruce ("Bruce"), as counsel for Mariner Finance, LLC ("Mariner"), filed a complaint against Plaintiff Zahra A. Bouye ("Bouye") in the Jefferson District Court of Jefferson County, Kentucky in the case of *Mariner Finance, LLC/Louisville v. Zahra A. Bouye*, Case No. 19-C-022203 (the "Mariner Lawsuit") on March 4, 2019 in an attempt to collect the balance allegedly due on a retail installment contract ("RIC").

7.     The furniture financed through the RIC was used exclusively for personal, family, or household purposes, which makes the debt created by the RIC a "debt" within the meaning of the FDCPA.

8.     The RIC noted that Winner Furniture was the seller and that Ms. Bouye was the buyer. A true and accurate copy of the complaint in the Mariner Lawsuit and attached RIC, attached as Exhibit "A," alleged in relevant part:

1. Defendant, Zahra A. Bouye, is a resident of JEFFERSON County, and resides at 7217 BLACK MOUNTAIN DR, LOUISVILLE KY 40228.
2. The Defendant, Zahra A. Bouye, executed and delivered to Plaintiff a note and security agreement. A copy of the note is attached hereto and marked Exhibit "A".
3. The note described above is fully due and payable since the Defendant, Zahra A. Bouye, has failed to make payments in accordance with the terms of the note. A principle balance of $2088.62, plus interest that accrues after 02/22/2019 at the rate set forth in the note is payable on the note.
4. Plaintiff has referred this claim to its attorney who is not a salaried employee. Pursuant to the attached note. Plaintiff is entitled to collect from the Defendant its attorney's fees to the extent actually paid or agreed to be paid. Attorney fees agreed to be paid equal the sum of one-third of the amount sued upon and collected.

9. Mr. Bruce's representation that "[a]ttorney fees agreed to be paid equal [to] the sum of one-third of the amount sued upon and collected" is demonstrably false.

10. The RIC expressly limited attorney's fees to 15% of the unpaid balance of the contract after default:

> 7. **Default.** You will be in default if you do not make any scheduled payment in full within 15 days after it is due. Our rights and your obligations after default are limited to the extent provided by applicable law. When you are in default, after we provide you with any notice required by law and any cure period required by law expires, we can demand immediate payment of the entire amount you owe. If we require you to pay the balance of your obligation at once, we can take possession of the goods, after providing you with any notice and cure period required by law, and you may lose the goods. You will deliver the goods to us at a time and place we choose. After we have taken possession of the goods, we can sell them and apply the sales proceeds to the unpaid balance of your obligation, or at our option and if you don't object and applicable law permits, we can retain the goods in full satisfaction of your debt. We will give you notice of any public or private sale or proposed retention as required by law. You will have to pay certain costs we incur in selling the goods. If the sales proceeds are not enough to pay us the unpaid balance of your obligation, and to reimburse us for these costs, you still will have to pay us the difference, which is called a "deficiency." If you don't pay us, we can exercise our remedies against you under applicable law. If the sales proceeds are more than you owe us, we will apply the excess as required by law. Unless prohibited by law (a) if this contract is referred to an attorney who is not our salaried employee for collection, you agree to pay our reasonable attorney's fee limited to 15% of the unpaid balance of this contract after default and all court costs, and (b) you agree to pay the other collection costs, including private process service fees, we incur relating to your default. IF OUR STATE IS: ALABAMA, CONNECTICUT, FLORIDA, INDIANA, MASSACHUSETTS, MISSOURI, SOUTH CAROLINA, WEST VIRGINIA, or WISCONSIN, you do not have to pay us the deficiency (a) if the price of the repossessed goods shown in the Description of Goods and Services on the front is $500 or less

11. Ms. Bouye filed a *pro se* answer in the Mariner Lawsuit on March 21, 2019.

12. On June 19, 2019, undersigned counsel filed an entry of appearance, moved for leave to file an amended answer, and filed on notice of service of discovery requests on Mariner.

13. On August 9, 2019, Mariner moved for summary judgment. A true and accurate copy of Mariner's motion for summary judgment is attached as Exhibit "B."

14. Mariner's motion for summary judgment expressly requested attorney's fees in the amount of 1/3 of the judgment amount:

> **PLAINTIFF IS ENTITLED TO AN AWARD OF A REASONABLE ATTORNEY FEE IN THE AMOUNT OF $313.29**
>
> In the Affidavit of James E. Bruce, Jr., a copy of which is attached. He states that the amount he charges a client in this matter is 1/3 of the amount collected and in this case it would be $313.29 This fee is reasonable and in compliance with KRS 286.4-533

15. Mr. Bruce violated the FDCPA by misrepresenting the status and amount of the RIC and by attempting to collect attorney's fees in amount not permitted by contract or by law.

## CLAIMS FOR RELIEF

16. The foregoing acts and omissions of James E Bruce constitute violation of the FDCPA. Mr. Bruce violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zahra A. Bouye requests that the Court grant her the following relief:

1. Award Plaintiff the maximum statutory damages;

2. Award Plaintiff her actual damages;

3. Award Plaintiff her reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (505) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com